The opinion of the Court was delivered by
Evans, J.
The question in this case is, whether the Colonel *250 of the Regiment had the power to issue an execution at the end of one year and fifteen days after the fine had been imposed by the court martial. We are all of opinion there must be a period after which no proceeding can be had without notice to the party, but what that limitation is, is a question about which there is much diversity of opinion. The result which I am to pronounce is the judgment of the Court, but the particular reasons are my own.
The 102d section of the Act of 1841, (11 Stat. 197), is in these words : “ All fines and penalties prescribed by this Act, shall be imposed by Courts Martial; but no penalty shall be imposed after the expiration of twelve months from the committing the offence or making default; and upon judgment being had, the party shall be liable to-execution as in.civil cases.” The meaning of these latter words is what we are to decide. They do not apply to the form of the execution, for that is prescribed in sec. 97; nor do they apply to the mode of execution by the officer, or the person to whom directed, or to the time of return, for all these are regulated by sec. 95.
This section directs the approving officer, at the expiration of thirty days from the adjournment of the Court, to issue execution and to lodge the same forthwith with the Sheriff. It has been argued, and some of the members of the Court are of. that opinion, that no power is given to issue an execution afterwards; but this, I think, will be adhering too closely to the words, without a due regard to the meaning.
The Legislature did not, I should suppose, intend, if the officer who ordered the' Court, and to whom its proceedings are to be returned for approval, should die or resign, that no execution should issue after the thirty days. The more liberal interpretation seems to me to be, that the words are directory to the officer, and not a limitation of time after which no execution can issue. If, then, the execution may issue after thirty days, what is the period of limitation ? I do not think we can extend to these military executions the limitation of three years within which an •execution may issue on the judgment of the Court of Common *251 Pleas ór a Magistrate. These are regulated by statute ; by the express words of which, they are restricted to the subject of the enactment.
But the common law limitation of a year and a day was general, and I have come to the conclusion that the words “ the party shall be liable to execution as in civil cases,” is, as to limitation, to be governed by the common law, and as the execution in this case was not issued within that time, it was irregular, and the motion should have been granted below.
The decision of the Circuit Judge is therefore reversed, and the motion in this Court is granted.
O’Neall, Wardlaw, Withers and Whitner, JJ. concurred.

Motion granted.